IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., et al., | No. CV 11-3010 EDL |
|     Plaintiff, | **REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| ZHOU HUI YIN dba NEW GIFT SHOP, | |
|     Defendants. | |

## I. Introduction

This is a motion for default judgment filed by Plaintiffs Coach Inc. and Coach Services, Inc. (collectively "Coach") against defaulting Defendant Zhou Hui Yin dba New Gift Shop ("Defendant"). Plaintiffs filed this action against Defendant for trademark counterfeiting, federal trademark infringement, false designations of origin and false advertising, federal and state trademark dilution, common law unfair competition, and copyright infringement. Plaintiffs allege that Defendant unlawfully manufactured, distributed, advertised, promoted, offer for sale, and/or sell merchandise bearing counterfeit reproductions of Coach's famous trademarks and copyrighted works. Compl. ¶¶ 17-20.

On August 9, 2011, the Clerk of this Court entered default against Defendant after Defendant failed to file a responsive pleading to the Complaint. Dkt. # 7. Thereafter, Plaintiffs filed this motion for default judgment. On their federal trademark infringement claim, is 15 U.S.C. § 1114, and Plaintiffs seek damages of $100,000 plus costs. On November 22, 2011, the Court held a hearing on Coach's Motion for Default Judgment. Counsel for Coach appeared by telephone. Defendant did not appear at the hearing. For the reasons stated at the hearing and set forth below,

the Court recommends granting Plaintiffs' motion for default judgment. This matter will be reassigned to a District Judge.

**II.    Background**

Coach manufactures, markets, sells fine leather and mixed material products, and is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components (collectively "Coach marks"). Compl. ¶¶ 9-10. Coach and its predecessors have continuously used the Coach marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of its goods for four decades. Compl. ¶ 13. Plaintiffs' Coach marks are highly recognized by the public and serve to identify the source of the goods as Coach. Compl. ¶ 14. The Coach marks and the goodwill associated therewith are valuable assets of Coach because Coach has achieved sales volumes of over three billion dollars annually and has spend over a hundred million dollars in advertising, promoting, and marketing goods bearing the Coach marks. Compl. ¶ 15. Due to Coach and its predecessors' long use of Coach marks, extensive sales, and significant marketing activities, the Coach marks have achieved widespread acceptance and recognition among the consuming public and trade throughout the United States. Compl. ¶ 16. The arbitrary and distinctive Coach marks identify Coach as the source/origin of the goods on which it appears. Id.

In or around May 2011, General Counsel of Coach, Tiffany Walden, observed and purchased counterfeit Coach branded products from Defendant New Gift Shop, a retail store located at 269A Jefferson Street of San Francisco, California. Compl. ¶¶ 17-20; Chan Decl. ¶¶ 2-3 and Ex. 1 (Walden Decl.). The Coach branded handbag and wallet obtained from New Gift Shop bore counterfeit reproductions of the word mark "COACH" in addition to Coach's other trademarks and copyrighted words, including but not limited to the Coach Hangtag, the Op Art Mark, the Signature "C" Mark, and the Coach lozenge mark. Compl. ¶ 18; Chan Decl. ¶ 3 and Ex. 2 (photos of goods purchased). Coach representatives have inspected and confirmed that the Coach-branded merchandise obtained from New Gift Shop to be counterfeit. Compl. ¶ 19. Defendant Zhou Hui Yin is the owner of New Gift Shop. Chan Decl. ¶ 4 and Ex. 3. Coach did not authorize Defendant to manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing any of Coach's

trademarks and/or copyrighted works. Compl. ¶ 20.

**III. Discussion**

    **A. Default Judgment**

A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. See Fed. R. Civ. P. 55(B)(2); 50 U.S.C. § 521(b)(1). Defendant is not a minor, an incompetent person, or in the military service. See Chan Decl. ¶ 8.

The general rule is that, upon default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-918 (9th Cir. 1987) (per curiam) (citing Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Necessary facts not contained in the pleadings, and claims which are legally insufficient, however, are not established by default. Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992), superceded by statute on other grounds (Ahmadi v. First Horizon Home Loan Corp., 2011 U.S. Dist. LEXIS 40274, *8 (D. Nev. March 30, 2011)). Rule 55(b)(2) allows, but does not require, the court to conduct a hearing on damages, as long as it ensures that there is an evidentiary basis for the damages awarded in the default judgment. Action S.A. v. Marc Rich & Co. Inc., 951 F.2d 504, 508 (2nd Cir. 1991). Relief is limited to the plaintiff's specific demand in his complaint. Fed. R. Civ. P. 54(c). Entry of default judgment requires the consideration of several factors, including: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, the Eitel factors weigh in favor of entry of default judgment. Most importantly, the Lanham Act trademark infringement claim at issue appears to have merit and the Complaint is sufficient to state that claim.[1] To prevail on a trademark infringement claim under the Lanham Act,

---

[1] Coach's complaint includes claims for trademark counterfeiting, federal trademark infringement, false designations of origin and false advertising, federal and state trademark dilution, common law unfair competition, and copyright infringement. Coach's Application for Default Judgment, however, relies only on the federal trademark infringement claim.

3

1  Plaintiff must prove the existence of a valid mark and the subsequent use in commerce of that mark
2  by another in a manner likely to create consumer confusion.  See 15 U.S.C. § 1114; Surfvivor
3  Media, Inc. v. Survivor Productions, 406 F.3d 625, 630 (9th Cir. 2005).  Registration of a mark on
4  the principal register in the Patent and Trademark Office is prima facie evidence of the validity of
5  the mark.  See id.; 15 U.S.C. § 1115(a) (stating that registration of a mark "on the principal register
6  provided by this chapter and owned by a party to an action shall be admissible in evidence and shall
7  be prima facie evidence of the validity of the registered mark and of the registration of the mark, of
8  the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered
9  mark in commerce. . . .").  Here, Coach has met the first prong of the test for infringement by
10 showing that it owns registered trademarks herein.  See Compl. ¶¶ 10, 12, 18.

11      Further, "[w]here a defendant knowingly adopts the plaintiff's mark with the intent to
12 capitalize on plaintiff's reputation the courts may presume that the public will be deceived." AMF
13 Inc., v. Sleekcraft Boats, 599 F.2d 341, 354 (9th Cir.1979), abrogated in part on other grounds by
14 Mattel Inc., v. Walking Mountain Prods., 353 F.3d 792 (9th Cir.2003); M2 Software, Inc. v. Madacy
15 Entertainment, 421 F.3d 1073, 1085 (9th Cir.2005).  The Lanham Act defines a "counterfeit" as "a
16 spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15
17 U.S.C. § 1127.  Here, Coach has shown that the marks used on the products being sold by Defendant
18 are identical to, or substantially indistinguishable from, Coach's registered marks.  See Compl. ¶¶
19 10, 12, 76; Chan Decl. ¶¶ 2-4 and Exs. 1-3.  Thus, consumer confusion is presumed and Coach has
20 properly stated a claim for trademark infringement under the Lanham Act.

21      Most of the remaining Eitel factors also weigh in favor of granting default judgment.  Coach
22 will be prejudiced if the motion was denied because it will continue to suffer loss of goodwill due to
23 the sale of counterfeit goods, as well as lost sales of genuine Coach brand goods, and be without a
24 remedy.  Defendant's sale and offer for sale of counterfeit Coach products has injured Coach's
25 reputation in the accessories industry as well as Coach's business because consumers who purchased
26 Defendant's counterfeit products, confused as to their source and believing them to be genuine
27 Coach products, were disappointed by the inferior quality, design, and style of Defendant's
28 counterfeit products.  Further, Coach has suffered a financial loss from lost sales of genuine Coach

4

1 products since Defendant represented their merchandise as authentic Coach products to the general
2 public.  Since Defendant ignored this lawsuit, it is likely that Defendant continued and will continue
3 the infringing activities, causing further injury to Coach.  Accordingly, if default judgment is not
4 granted, Plaintiffs will be left with no recourse for their injuries to their reputation and business
5 caused by Defendant's infringing conduct, as well as for their efforts in litigating this case, making
6 such an outcome clearly prejudicial to Coach.  See Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d
7 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs
8 will likely be without other recourse for recovery").  Further, there is little to suggest that there is a
9 possibility of a dispute concerning material facts, since Defendant did not file an answer.  Nor is it
10 likely that Defendant's default was due to excusable neglect, since they were served with the
11 Complaint months ago.  See Chan Decl. ¶ 6; Dkt. # 5.

12 The sum of money at stake in relation to the seriousness of Defendant's conduct also appears
13 to favor Plaintiffs.  The Walden declaration generally noted the volume of infringing merchandise
14 being sold by New Gift Shop.  See Chan Decl.; Ex. 1 (Declaration of Tiffany Walden).  Ms. Walden
15 noticed "dozens of counterfeit Coach handbags and accessories, as well as counterfeit handbags of
16 other brands being offered for sale" and stated that "[m]ore than 20 counterfeit Coach handbags in
17 various sizes were being offered for sale."  See Chan Decl.; Ex. 1 (Walden Decl. ¶ 4-5).  Because
18 entry of default judgement is appropriate based on most of the Eitel factors, this Court recommends
19 granting Plaintiffs' request for damages.

20 Based on the foregoing, this Court recommends that Coach's motion for default judgment be
21 GRANTED.

22 **B.   Damages**

23 Coach has elected to seek statutory damages under the Lanham Act for Defendant's use of
24 counterfeit marks.  See 15 U.S.C. § 1117(c) (providing for statutory damages of not less than $1,000
25 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or
26 distributed). To invoke § 1117's monetary remedies against counterfeiting, Coach must establish
27 that: (1) Defendant intentionally used a counterfeit mark in commerce; (2) knowing the mark was
28 counterfeit; (3) in connection with the sale, offering for sale, or distribution of goods; and (4) the use

5

1    was likely to confuse or deceive. State of Idaho Potato Comm'n v. G&T Terminal Packaging, Inc.,

2    425 F.3d 708, 721 (9th Cir. 2005). As discussed above, Coach's Complaint adequately alleges these

3    elements. Coach also contends that Defendant acted willfully, and is therefore entitled to increased

4    statutory damages of up to two million dollars per counterfeit mark per type of goods sold. 17

5    U.S.C. § 1117(c)(2).

6          Courts have found guidance in case law relating to the analogous provision for statutory

7    damages in 17 U.S.C. § 504(c), to determine an appropriate award of statutory damages. Microsoft

8    Corp. V. Nop, 549 F. Supp. 2d 1233, 1237-38 (E.D. Cal. 2008). Pursuant to 17 U.S.C. § 504(c),

9    courts consider the following factors in determining the amount of statutory damages to award:

10-13    (1) "the expenses saved and the profits reaped;" (2) "the revenues lost by the plaintiff;" (3) "the value of the copyright;" (4) "the deterrent effect on others besides the defendant;" (5) "whether the defendant's conduct was innocent or willful;" (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced;" and (7) "the potential for discouraging the defendant."

14   Id. (quoting Tiffany, Inc. v. Luban, 282 F. Supp. 2d 123, 125 (S.D.N.Y. 2003)) (citation omitted).

15         Here, where Coach has established that Defendant's conduct was willful, Coach may recover

16   statutory damages pursuant to § 1117(c) in an amount not less than $1,000 and not more than $2

17   million per counterfeit mark per type of goods sold, as the Court considers just. Coach, Inc. v. Diva

18   Shoes & Accessories, 2011 U.S. Dist. LEXIS 108690, *14-15 (N.D. Cal. Apr. 19, 2011). The

19   counterfeit Coach products obtained from New Gift Shop on May 9, 2011 bear counterfeit

20   productions of at least five of Coach's registered trademarks. See Compl. ¶ 10; Chan Decl. ¶ 3 and

21   Ex. 2. It is reasonable to conclude that Defendant committed a minimum of ten infringement

22   violations, as demonstrated in photos of a counterfeit Coach handbag and wallet purchased by Ms.

23   Walden (Chan Decl. ¶ 3 and Ex. 2), and Ms. Walden's testimony that "Coach swingpacks, duffle

24   bags, wallets, and scarves were also being offered for sale." Chan Decl. ¶ 2 and Ex. 1 (Walden

25   Decl. ¶ 6). At the hearing, counsel for Coach identified three of Coach's registered trademarks on

26   the counterfeit Coach swingpack: Coach Lozenge, Coach's Op Art Mark, and the word mark

27   "COACH." See Chan Decl. ¶ 3 and Ex. 2 (photos of goods purchased). Further, counsel for Coach

28   noted that the counterfeit Coach wallet bears three of Coach's registered trademarks as depicted in

6

the photograph: Coach Lozenge, Coach's Signature "C" Mark, and the word mark "COACH." Id.

Coach argues that, due to its long use, extensive sales, and significant advertising and promotional activities, its marks have achieved widespread acceptance and recognition among consumers, and it is vital for Coach to protect its marks and deter further infringement. Compl. ¶¶ 15-16. Coach seeks $100,000 from Defendant Zhou Hui Yin and New Gift Shop. The amount of statutory damages Coach seeks is reasonable in light of the value of Coach's marks, the number of infringement violations and Defendant's undisputed sale of counterfeit goods, and will likely serve to deter Defendant and others from engaging in this type of trademark infringement in the future. See e.g., Coach, Inc. v. Diva Shoes & Accessories, 2011 U.S. Dist. LEXIS 108690, *16-24 (N.D. Cal. Apr. 19, 2011) (awarding $140,000 in statutory damages and citing other trademark actions by Coach where courts have awarded an average of $10,000 per mark). The Court therefore recommends that Coach's request for statutory damages be granted in the full amount sought against defaulting Defendant Zhou Hui Yin and New Gift Shop.

### C. Injunctive relief

Under the Lanham Act, the Court may grant an injunction. 15 U.S.C. § 1116(a); Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1180-81 (9th Cir. 1988) ("Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement."). Further, injunctive relief is available as part of a default judgment. See Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 502 (C.D. Cal. 2003).

Here, Coach alleges that unless Defendant's conduct is enjoined, it will continue to suffer injury to its business and reputation. Compl. ¶ 37. The threat of continued infringement is real based on Defendant's complete failure to participate in this case. Therefore, the Court recommends permanently enjoining Defendant from further directly or contributorily infringing Coach's trademarks.

The Court recommends modification of Coach's proposed order with respect to the following two provisions. Specifically, the proposed order seeks to enjoin defendants from "[l]easing space to any tenant who is engaged in the manufacturing, purchasing, production, distribution, circulation,

sale, offering for sale, importation, exportation, advertisement, promotion, display, shipping marketing of products which bear marks/designs identical, substantially similar, and/or confusingly similar to the Coach Marks." This proposed injunction is overly broad in that it would create strict liability for Defendants even if they did not know that a tenant was engaging in bad acts. The Court recommends adding qualifying language so that it only prevents "knowingly" leasing space to a tenant engaging in the prohibited acts. Another aspect of Coach's proposed order seeks to prohibit Defendant, among other things, from "disposing of in any manner items falsely bearing the Coach Marks, or any reproduction, counterfeit, copy or colorable imitation thereof." It is unreasonable to prohibit Defendant from disposing of any counterfeit Coach products when such items are illegal to possess. The Court therefore recommends deleting the "disposing of" aspect of this provision so that Defendant may dispose of any counterfeit Coach products in order to comply with this Order.

**D.    Costs**

Coach seeks costs pursuant to 15 U.S.C. § 1117(a), and states that it will submit a bill of costs within 15 days of judgment pursuant to Local Rule 54-3. App. for DJ at 9. The Court recommends allowing Coach's costs.

**E.    Attorney Fees**

Attorneys' fees may be awarded to the prevailing party under the Lanham Act in exceptional cases. See 15 U.S.C. § 117(a). Exceptional circumstances can be found where the Defendant is found to have acted maliciously, fraudulently, deliberately, or willfully. See Earthquake Sound Corp. v. Bumper Indus., 352 F.3d 1201, 1216 (9th Cir. 2003). Plaintiffs requested attorney's fees in their Complaint. See e.g., Compl. ¶¶ 29, 39, 53. Coach has made no showing that this is an exceptional case. Therefore, no fees should be awarded.

**IV.    Conclusion**

The Court recommends granting Coach's motion for default judgment as follows:

1.    $100,000 in statutory damages against Defendant Zhou Hui Yin dba New Gift Shop;

2.    Costs as taxed; and

3.    A permanent injunction against future use of Coach marks in connection with the sale or offer for sale of infringing products, including the following:

a. Manufacturing, importing, purchasing, distributing, advertising, offering for sale, and/or selling any products which bear marks identical and/or confusingly similar to the Coach Marks;

b. Using the Coach Marks or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise;

c. Passing off, inducing or enabling others to sell or pass off any products or other items that are not Coach's genuine merchandise as genuine Coach merchandise;

d. Knowingly leasing space to any tenant who is engaged in the manufacturing, purchasing, production, distribution, circulation, sale, offering for sale, importation, exportation, advertisement, promotion, display, shipping, marketing of products which bear marks/designs identical, substantially similar, and/or confusingly similar to the Coach Marks;

e. Committing any other acts calculated to cause purchasers to believe that Defendants' products are Coach's genuine merchandise unless they are such;

f. Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, or storing in any manner items falsely bearing the Coach Marks, or any reproduction, counterfeit, copy or colorable imitation thereof; and

g. Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs (a) to (f) above.

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated: December 9, 2011

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

9