UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COACH, INC., et al.,<br><br>        Plaintiff,<br><br>v.<br><br>ZHOU HUI YIN dba NEW GIFT SHOP,<br><br>        Defendant. | Case No.: 5:11-CV-03010 EJD<br><br>**ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION**<br><br>**(Re: Docket No. 20)** |

Presently before the court is Magistrate Judge Elizabeth D. Laporte's Report and Recommendation ("Report") (see Docket Item No. 20), issued on December 9, 2011, advising the court to grant Plaintiff Coach Inc.'s motion for default judgment (see Docket Item No. 11), as modified by Judge Laporte. Neither party has filed objections to the report and the matter is now ripe for consideration. This court ADOPTS in part and DECLINES TO ADOPT in part the Report. This Order terminates Docket Item No. 20 and the Clerk is directed to close the file.

Having considered the Report, the court declines to adopt the portion of the permanent injunction which would prohibit Defendant from knowingly leasing space to any tenant engaged in the manufacturing, purchasing, production, distribution, circulation, sale, offering for sale, importation, exportation, advertisement, promotion, display, shipping, marketing of products which bear marks/designs identical, substantially similar, and/or confusingly similar to the Coach Marks.

1

Case No.: 5:11-CV-03010 EJD
ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION

See Docket Item No. 20 at 9.  The court finds that Plaintiff's request for this injunction is unsupported.  Accordingly, the court denies Plaintiff's motion, in part, on that basis.

For the reasons set forth in the Report, IT IS HEREBY ORDERED that default judgment in favor of Plaintiff against Zhou Hui Yin, dba New Gift Shop is GRANTED IN PART as follows:

1. $100,000 in statutory damages against Defendant Zhou Hui Yin dba New Gift Shop;

2. Costs as taxed; and

3. A permanent injunction against future use of Coach marks in connection with the sale or offer for sale of infringing products, including the following:

   a. Manufacturing, importing, purchasing, distributing, advertising, offering for sale, and/or selling any products which bear marks identical and/or confusingly similar to the Coach Marks;

   b. Using the Coach Marks or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise;

   c. Passing off, inducing or enabling others to sell or pass off any products or other items that are not Coach's genuine merchandise as genuine Coach merchandise;

   d. Committing any other acts calculated to cause purchasers to believe that Defendants' products are Coach's genuine merchandise unless they are such;

   e. Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, or storing in any manner items falsely bearing the Coach Marks, or any reproduction, counterfeit, copy or colorable imitation thereof; and

   f. Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs (a) to (e) above.

**IT IS SO ORDERED**

Dated: February 9, 2012



EDWARD J. DAVILA
United States District Judge

2
Case No.: 5:11-CV-03010 EJD
ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION